Hank BUSECK; Jack Mueller; Eloise Howeth; Debra Bridges; Virginia Wadliegh; Cathy McLees; and Keiji Okano, Appellants (Plaintiffs),

v.

STATE of Wyoming; Wyoming State Department of Education; Lynn Simons, Personally and as State Superintendent of Public Instruction; Audrey Cotherman, Personally and as Deputy State Superintendent of Public Instruction, Appellees (Defendants).

No. 89–35.

Supreme Court of Wyoming.

Jan. 19, 1990.

James H. Barrett, Cheyenne, for appellants.

Patrick E. Hacker, Cheyenne, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

This appeal is from an order of the district court granting summary judgment to the appellees State of Wyoming; Wyoming State Department of Education; Lynn Simons, individually and as Superintendent of Public Instruction; and Audrey Cotherman, individually and as Deputy Superintendent of Public Instruction. Appellants initially pled four theories for recovery of damages in the district court, two based upon state law—including the Governmental Claims Act—and two based upon federal Civil Rights Act, 42 U.S.C. § 1983. In this appeal, appellants challenge only that portion of the summary judgment which disposed of their § 1983 claims.

We affirm.

Appellants claimed that their constitutional rights were violated by actions of Superintendent Simons and her deputy in the course of their presenting to the Wyoming State Legislature a proposal to reduce staffing levels at the Wyoming State Department of Education. In the course of that presentation, as well as in answers to questions posed by members of the press corps following the session with the legislature, the state officials intimated that the employees whose positions were to be eliminated were not performing their jobs adequately or satisfactorily. They went on to indicate that the Department of Education would be hard pressed to continue to operate efficiently if the Department were required to continue to employ senior employ-

ees who were not performing satisfactorily, while having to eliminate less senior employees who were enthusiastic and performing their jobs well. At the conclusion of the negotiations with the legislature, the senior employees, who are appellants here, received notices that their jobs were being eliminated, and this became a matter of public knowledge. Very shortly after these notices were given, they were rescinded upon advice of the attorney general. These employees then sued asserting "damage" to their professional reputations and standing. Although the original complaint named both Simons and Cotherman individually, as well as in their official capacities, it was agreed by all parties that both Simons and Cotherman were, at all times relevant, acting within the scope of their official duties.

Subsequent to the time this case was decided in the district court and subsequent to the time the parties filed their briefs in this court, the United States Supreme Court issued its decision in *Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), stating clearly who are *persons* liable for damages under 42 U.S.C. § 1983. 42 U.S.C. § 1983 permits suit only against *persons*, providing:

"Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (emphasis added)

Referring to the word "person" in 42 U.S.C. § 1983, the Court stated:

"Petitioner asserts, alternatively, that state officials should be considered 'persons' under § 1983 even though acting in their official capacities. * * *

"Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. * * *

"We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." (citations omitted) *Will v. Michigan Department of State Police*, —— U.S. at ——, 109 S.Ct. at 2311–12.

The only claim which appellants sought to have reviewed here was the dismissal of their § 1983 claims against Simons and Cotherman in their official capacities. The holding of the *Will* case is that neither a state nor its officials acting in their official capacities are "persons" under § 1983. Not being "persons" under § 1983, Simons and Cotherman, acting in their official capacities are not subject to suit for damages. The summary judgment in favor of Simons and Cotherman, therefore, is

Affirmed.